**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

    v.                              Case No. 97-CR-20004 -DT-1

CELESTER DEGROAT, JR.,

    Defendant.
_____/

**ORDER STRIKING "MOTION TO AMEND"**
**AND DIRECTING SUBMISSION OF A MEMORANDUM**

On January 27, 2009, the court appointed the Federal Defender's Office "to determine eligibility, confer with the Probation Department and the U.S. Attorney's Office, and gather the pertinent information to assist the court in expeditiously resolving any pending or intended 18 U.S.C. § 3582(c) motions." (1/27/09 Order at 1.) Thereafter, Defendant Celester Degroat filed a *pro se* "Motion to Amend . . .," in which he attempts to modify an earlier motion he filed under 18 U.S.C. § 3582. (*See* 3/09/09 Mot.) The court will strike the *pro se* motion because, now that Defendant is represented by counsel, all filings must be made by the attorney of record.

Defendant is not entitled to represent himself while simultaneously represented by counsel. A criminal defendant has the right to appear *pro se* or by counsel, a right protected by both the Sixth Amendment to the United States Constitution and federal statute. *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel . . . ."); *see also Faretta v. California*, 422 U.S. 806, 807, 832 (1975); *United States v. Daniels,* 572 F.2d 535, 540

(5th Cir. 1978);  *Ennis v. LeFevre,* 560 F.2d 1072, 1075 (2nd Cir. 1977); *United States v. Williams,* 534 F.2d 119, 123 (8th Cir. 1976).  This right, however, is disjunctive, thus a party may chose *either* to represent himself or to appear through an attorney.  There is no right to "hybrid" representation that would result in simultaneous or alternating self-representation and representation by counsel.  A person represented by counsel must rely upon that counsel.  *See, e.g., United States v. Olson,* 576 F.2d 1267, 1269-70 (8th Cir. 1978); *Daniels,* 572 F.2d at 540; *Ennis,* 560 F.2d at 1075;  *Williams,* 534 F.2d at 123; *United States v. Hill,* 526 F.2d 1019, 1024-25 (10th Cir. 1975); *Move Org. v. City of Phila.,* 89 F.R.D. 521, 523 n.1 (E.D.Pa.1981); *United States ex rel. Snyder v. Mack,* 372 F.Supp. 1077, 1078-79 (E.D.Pa.1974); *cf. Storseth v. Spellman,* 654 F.2d 1349, 1352-53 (9th Cir. 1981) (once counsel is appointed, prisoner has no right to assistance from inmate writ-writer).  In light of this case law, the court will only accept motions filed by Defendant's attorney of record.  Accordingly,

IT IS ORDERED that Defendant's March 9, 2009, "Motion to Amend . . ." [Dkt. # 373] is hereby STRICKEN from the docket of this court.

IT IS FURTHER ORDERED that Defendant's attorney shall file a memorandum by **May 1, 2009**, informing the court whether Defendant is eligible for a sentence Modification under 18 U.S.C. § 3582(c).

 S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  March 31, 2009

I hereby certify that a copy of the foregoing document was mailed to counsel of record

on this date, March 31, 2009, by electronic and/or ordinary mail.

 S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522