**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

_____

UNITED STATES OF AMERICA

       Plaintiff,

v.                                  Case Nos.   96-20046
                                                   97-20004

CELESTER R. DEGROAT,

       Defendant.

_____/

**OPINION AND ORDER DECLINING TO MODIFY SENTENCE**
**PURSUANT TO 18 U.S.C. § 3582(c)(2)**

Before the court are several motions to reduce sentence pursuant to 18 U.S.C. § 3582(c)(2) filed by or on behalf of Defendant Celester R. DeGroat.  The motions are based on the passage of an amendment to the federal Sentencing Guidelines, recently given retroactive effect, that, according to Defendant, lowered the range applicable to the cocaine base offense for which Defendant was convicted.  The court will deny the motions.

Defendant was convicted in 1997 on four counts: two counts of distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1), one count of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1)**,** and one count of conspiracy to possess with intent to distribute cocaine base in violation of 21 U.S.C. § 846.  Defendant was sentenced to a term of 576 months in prison and 5 years of supervised release for the counts involving violations of § 841(a)(1).

A district court may reduce a defendant's sentence if modification is authorized

by statute. *United States v. Ross*, 245 F.3d 586 (6th Cir. 2001). Under 18 U.S.C. § 3582(c)(2), a court may reduce the term of imprisonment "in the case of a defendant who has been sentenced based on a sentencing range that has subsequently been lowered by the Sentencing Commission," provided that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

A modification under § 3582(c)(2) can apply only to those amendments listed in U.S.S.G. § 1B1.10(c), one of which is the amendment modifying the guideline range for cocaine base offenses. However, § 3582(c)(2) does not apply when an "amendment does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). It is for this reason that Defendant's motions fail. Defendant was held accountable for 5.475 kilograms of cocaine base. Under U.S.S.G. § 2D1.1(c)(1), the offense level associated with 4.5 kilograms or more of cocaine base is 38, the same offense level under which Defendant was sentenced. (*See* Presentence Investigation Report, 11). Since Defendant's applicable guideline range has not been lowered, Defendant is ineligible for any modification of sentence under 18 U.S.C. § 3582(c)(2).

Defendant points to the rule developed in *Apprendi v. New Jersey,* 530 U.S. 466 (2000) and argues that when the quantity of a drug will play a large role in determining an applicable guideline range, then that quantity must be found by a jury. Defendant argues that since the jury did not find the Defendant guilty for a specific quantity of crack cocaine, which Defendant argues is illustrated by the fact that a quantity is not listed on the indictment or jury verdict, that Defendant should be granted a reduction in his

2

sentence.  But, *Apprendi* does not apply retroactively to cases on collateral review.  *See*

*In re Clemmons*, 259 F.3d 489, 492 (6th Cir. 2001) (citing *United States v. Flowal*, 234

F.3d 932, 936 (6th Cir. 2000); *United States v. Rebmann*, 226 F.3d 521 (6th Cir. 2000)).

Since Defendant was convicted before the Supreme Court issued its opinion in

*Apprendi*, the rule does not provide a basis for a reduced sentence on post-conviction

review.  Indeed, the Sixth Circuit has held that "*Apprendi* does not affect guideline

ranges, *see United States v. Garcia*, 252 F.3d 838, 843 (6th Cir. 2001), and thus does

not afford relief under § 3582."  *United States v. Smith,* 88 F. App'x 71, 73 (6th Cir.

2004).  Thus,

IT IS ORDERED that Defendant's motions for reduction in sentence [96-20046,

Dkt. # 82; 97-20004, Dkt. ## 359, 375] are DENIED.

    S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  July 2, 2009

I hereby certify that a copy of the foregoing document was mailed to counsel of record
on this date, July 2, 2009, by electronic and/or ordinary mail.

    S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522

S:\Cleland\JUDGE'S DESK\C3 ORDERS\96-20046.DEGROAT.declinesentencemodification.wpd