**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

_____

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                  Case No. 96-20046 and
                                                    Case No. 97-20004

CELESTER RAYMOND DEGROAT, II,

        Defendant.
_____/

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO REDUCE SENTENCE**

Defendant Celester Raymond DeGroat, II, was found guilty by jury of two counts of distribution of cocaine base, 21 U.S.C. § 841(a)(1), one count of possession with intent to distribute cocaine base, 21 U.S.C. § 841(a)(1), and one count of conspiracy to possess with intent to distribute cocaine base, 21 U.S.C. §§ 841(a)(1) and 846. (Case No. 96-20046, ECF No. 41, PageID.116.) On December 11, 1997, the court sentenced Defendant to 576 months imprisonment. (*Id.*, PageID.117.)

On September 10, 2018, the court reduced Defendant's sentence after an amendment to the U.S. Sentencing Guidelines reduced offense levels for crimes involving crack cocaine. (ECF No. 117.) Defendant's current sentence is 405 months imprisonment; his projected release date is March 18, 2026. (*Id.*, PageID.297; ECF No. 121, PageID.415.)

Defendant moves to reduce his sentence pursuant to the First Step Act. (Case No. 96-20046, ECF No. 120; Case No. 97-20004, ECF No. 405) The government has filed a response and Defendant has replied. (Case No. 96-20046, ECF Nos. 121, 122.)

The court has reviewed the record and does not find a hearing to be necessary. E.D. Mich. L.R. 7.1(f)(2). The court will grant Defendant's motion and reduce his sentence to 324 months imprisonment.

In August 2010, Congress passed the Fair Sentencing Act, Pub. L. No. 111-220, 124 Stat. 2372. The law "increased the threshold quantities of crack cocaine needed to trigger the mandatory statutory penalties in the Anti-Drug Abuse Act of 1986." *United States v. Boulding*, 960 F.3d 774, 777 (6th Cir. 2020); *accord United States v. Marty Landon Smith*, 959 F.3d 701, 702 (6th Cir. 2020). Specifically, "it increased the threshold quantity of crack cocaine in 21 U.S.C. § 841(b)(1)(A)[(iii)] from 50 grams or more to 280 grams or more" and "the threshold quantity of crack cocaine in 21 U.S.C. § 841(b)(1)(B)[(iii)] from 5 grams or more to 28 grams or more." *Boulding*, 960 F.3d at 777.

For his crime of possession with intent to distribute cocaine base, Defendant was found to have possessed 20.43 grams and was sentenced under 21 U.S.C. § 841(b)(1)(B)(iii). (ECF No. 121, PageID.406.) Thus, while the amount fell above the quantity threshold before the Fair Sentencing Act, it fell below the new threshold after the act of 28 grams. 21 U.S.C. § 841(b)(1)(B)(iii); *Boulding*, 960 F.3d at 777. For conspiring to possess with intent to distribute cocaine base, Defendant was sentenced under 21 U.S.C. § 841(b)(1)(A)(iii). (ECF No. 121, PageID.406.) The quantity threshold was increased from 50 to 280 grams, but Defendant still fell above it. 21 U.S.C. § 841(b)(1)(A)(iii); *Boulding*, 960 F.3d at 777. His conspiracy offense was tied to 5,475 grams of crack cocaine. (ECF No. 121, PageID.406.)

In December 2018, Congress passed the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194. Section 404 of the act states that if a prisoner, before August 3, 2010, violated "a Federal criminal statute . . . the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010," the prisoner could move the sentencing court to "impose a reduced sentence as if [the reduced statutory penalties] were in effect at the time the covered offense was committed." First Step Act § 404(a), (b).

The parties agree that Defendant qualifies for a reduction in sentence pursuant to the First Step Act. (ECF No. 120, PageID.308-09; ECF No. 121, PageID.404-07.) Defendant violated a criminal statute "the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010." First Step Act § 404(a). As described above, quantity thresholds for penalties imposed under 21 U.S.C. § 841(b)(1)(A)(iii) and (B)(iii) were increased under the Fair Sentencing Act, *Boulding*, 960 F.3d at 777, and § 841(b)(1)(A)(iii) and (B)(iii) penalties were imposed for Defendant's convictions of possession with intent to distribute cocaine base and conspiracy to possess with intent to distribute cocaine base. (ECF No. 121, PageID.406.) The offenses qualify for First Step Act resentencing even if the quantity of crack cocaine attributed to Defendant "is [still] sufficient to trigger the statutory penalty under the increased thresholds imposed by the Fair Sentencing Act," as it is for Defendant's conspiracy charge. *Boulding*, 960 F.3d at 778. (ECF No. 121, PageID.406.)

The court has the statutory authority to reduce Defendant's sentence. *See United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010) ("Generally speaking, once a court has imposed a sentence, it does not have the authority to change or modify that

sentence unless such authority is expressly granted by statute."). Title 18 U.S.C. § 3582(c)(1)(B) allows a court to "modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute." The Sixth Circuit has held that "a sentence reduction under the First Step Act is a § 3582(c) modification." *United States v. Lakento Brian Smith*, 958 F.3d 494, 498 (6th Cir. 2020) (citing *United States v. Alexander*, 951 F.3d 706, 708 (6th Cir. 2019)).

The court may reduce Defendant's sentence. 18 U.S.C. § 3582(c)(1)(B); First Step Act § 404(b). However, it is not required to. *United States v. Ware*, 964 F.3d 482, 486 (6th Cir. 2020) (quoting First Step Act § 404(c)) ("[T]he First Step Act expressly provides that '[n]othing in . . . section [404] shall be construed to require a court to reduce any sentence pursuant to this section.'"). The court "must consider the factors outlined in 18 U.S.C. § 3553(a), including the defendant's amended guidelines range, and then ensure that the sentence is sufficient but not greater than necessary to achieve the purposes of sentencing." *United States v. Flowers*, 963 F.3d 492, 498 (6th Cir. 2020); *accord United States v. Allen*, 956 F.3d 355, 357-58 (6th Cir. 2020). Defendant is "not entitled to a plenary resentencing." *United States v. Foreman*, 958 F.3d 506, 510 (6th Cir. 2020) (quoting *Alexander*, 951 F.3d at 708). However, "the resentencing decision under the First Step Act must not only be procedurally reasonable but substantively reasonable." *Boulding*, 960 F.3d at 783.

Title 18 U.S.C. § 3553(a) provides that "[a] court, in determining the particular sentence to be imposed, shall consider[:]"

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed—

4

        (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

        (B) to afford adequate deterrence to criminal conduct;

        (C) to protect the public from further crimes of the defendant; and

        (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

    (3) the kinds of sentences available;

    (4) the kinds of sentence and the sentencing range established . . .

    (5) any pertinent policy statement . . .

    (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

    (7) the need to provide restitution to any victims of the offense.

Defendant's current sentence is 405 months imprisonment; he has served 286 months. (ECF No. 117, PageID.297; ECF No. 121, PageID.415.) The parties agree that Defendant's revised advisory guideline range is 324 to 405 months incarceration. (ECF No. 120, PageID.322; ECF No. 121, PageID.416.)

Both parties assert that mandatory minimums should not apply to Defendant's resentencing under the First Step Act; the court agrees. (ECF No. 120, PageID.316-17; ECF No. 121, PageID.411-12.) Defendant's sentencing in 1997 occurred prior to the Supreme Court decisions in *Apprendi v. New Jersey*, 530 U.S. 466 (200), and *Alleyne v. United States*, 570 U.S. 99 (2013), which collectively found that facts increasing mandatory minimums must "be found by [a] jury beyond a reasonable doubt." *Alleyne*, 570 U.S. at 117. The specific crack cocaine quantities that serve as the bases for Defendant's mandatory minimums were not submitted to a jury and found beyond a

5

reasonable doubt. The Sixth Circuit has approved application of *Apprendi* in First Step Act resentencing, and this court will not apply mandatory minimums that are now in violation of Defendant's constitutional rights. *Ware*, 964 F.3d at 488 ("[C]onsideration of the impact that *Apprendi* would have had on [a defendant's] statutory sentencing range is a factor that the district court may consider when deciding whether, in its discretion, to grant relief to [the] defendant whom Congress has made eligible for relief.").

The same applies to enhanced sentencing maximums. Defendant could be subject to an enhanced sentencing maximum under 21 U.S.C. § 841(b)(1)(A)(iii), which would allow the court to sentence Defendant up to life imprisonment for conspiracy to possess with intent to distribute cocaine base. 21 U.S.C. § 841(b)(1)(A)(iii), (viii). (ECF No. 121, PageID.411.) However, the enhancement is triggered by crack cocaine quantities not submitted to a jury, and it too is covered by *Apprendi* and thus unconstitutional. *See United States v. Schulte*, 264 F.3d 656, 660 (6th Cir. 2001) ("In *Apprendi*, the Supreme Court held that sentencing enhancements which increase the statutory maximum . . . must be pled and proven to a jury beyond a reasonable doubt."). Defendant is subject to the standard sentencing range for 41 U.S.C. 841(a) offenses. The maximum penalty for each count of Defendant's convictions is 240 months imprisonment. 41 U.S.C. 841(b)(1)(C). (ECF No. 41, PageID.116.)

Defendant asks the court to reduce his sentence to time served. (ECF No. 120, PageID.324.) While the government does not explicitly agree, it does support a reduction of Defendant's sentence to 324 months, or twenty-seven years, imprisonment. (ECF No. 121, PageID.419-20.) That would reduce Defendant's sentence by over six years, and, with his expected release date scheduled for March 2026, the sentence

6

would likely place Defendant at the end of his term of imprisonment. (*Id.*, PageID.415, 419-20.) In Defendant's reply, he agrees to a reduction in sentence to 324 months imprisonment. (ECF No. 122, PageID.423.)

The court agrees with the parties' recommendation and will reduce Defendant's sentence to 324 months imprisonment. 18 U.S.C. § 3582(c)(1)(B); First Step Act § 404(b). The nature and circumstances of Defendant's offenses, and his conduct up to the present day, support a reduction in sentence. 18 U.S.C. § 3553(a)(1). Defendant helped distribute a substantial amount of crack cocaine; he was tied to the possession and sale of at least 5,475 grams. (ECF No. 121, PageID.406.) Undoubtedly, this antisocial behavior contributed to the spread and use of a dangerous and illegal narcotic. At the time of his sentencing, Defendant had a "long association with firearms, drugs, and assaultive behavior." (ECF No. 41, PageID.122.) His criminal history category remains IV. (ECF No. 120, PageID.318; ECF No. 121, PageID.403.)

Nonetheless, Defendant has now spent almost twenty-four years in prison. (ECF No. 120, PageID.303; ECF No. 121, PageID.415.) He was sentenced at the age of twenty-four and is now forty-seven. (ECF No. 120, PageID.303; ECF No. 121, PageID.415.) Personnel and instructors at the Bureau of Prisons who have interacted with Defendant have submitted letters of support attesting to Defendant's positive attitude, prosocial behavior, and personal growth while in prison. (ECF Nos. 120-2, 120-3, 120-4.) The government itself asserts that "[h]e appears to be fully rehabilitated." (ECF No. 121, PageID.418.)

A term of 324 months imprisonment would adequately "reflect the seriousness of [Defendant's] offense[s], . . . promote respect for the law, and . . . provide just

7

punishment." 18 U.S.C. § 3553(a)(2)(A). It would effect proper deterrence for Defendant's criminal and antisocial behavior, and it would ensure the protection of the public and Defendant's rehabilitation, which appears to have been achieved. 18 U.S.C. § 3553(a)(2)(B)-(D). (ECF Nos. 120-2, 120-3, 120-4; ECF No. 121, PageID.418.) Three-hundred twenty-four months imprisonment falls at the bottom of "the sentencing range established," 324 to 405 months incarceration. 18 U.S.C. § 3553(a)(4). (ECF No. 120, PageID.322; ECF No. 121, PageID.416.)

Considering § 3553(a) sentencing factors and Defendant's revised guideline range, a reduced sentence totaling 324 months is "sufficient but not greater than necessary to achieve the purposes of sentencing." *Flowers*, 963 F.3d at 498. The court is hopeful that Defendant will become a productive and law-abiding member of free society. Accordingly,

IT IS ORDERED that Defendant's "Motion to Reduce Sentence" (Case No. 96-20046, ECF No. 120; Case No. 97-20004, ECF No. 405) is GRANTED. Counts 1 and 2 in Case Number 96-20046 each remain 240 months imprisonment. Count 3 in Case Number 96-20046 is reduced from 405 months imprisonment to 240 months imprisonment. All counts in Case Number 96-20046 run concurrently. Count 1 in Case Number 97-20004 is reduced from 405 months imprisonment to 84 months imprisonment and runs consecutively to the counts in Case Number 96-20046. Defendant's aggregate sentence is reduced from 405 months imprisonment to 324 months imprisonment.

                                                                s/Robert H. Cleland                /
                                                                  ROBERT H. CLELAND
                                                                  UNITED STATES DISTRICT JUDGE

Dated: August 11, 2020

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 11, 2020, by electronic and/or ordinary mail.

<u>s/Lisa Wagner                                  /</u>
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\96-20046.97-20004.DEGROAT.MotiontoReduceSentence.RMK.2.docx