**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

_____

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                Case No. 96-20046
                                                              Case No. 97-20004

CELESTER RAYMOND DEGROAT, II,

    Defendant.
_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR EARLY
TERMINATION OF SUPERVISED RELEASE**

Defendant Celester Raymond DeGroat, II, was found guilty by jury of two counts of distribution of cocaine base, 21 U.S.C. § 841(a)(1), one count of possession with intent to distribute cocaine base, 21 U.S.C. § 841(a)(1), and one count of conspiracy to possess with intent to distribute cocaine base, 21 U.S.C. §§ 841(a)(1) and 846. (Case No. 96-20046, ECF No. 41, PageID.116.) On December 11, 1997, the court sentenced Defendant to 576 months imprisonment. (*Id.*, PageID.117.) A five-year period of supervised release and a $25,000 fine were also ordered. (*Id.*, PageID.118-20; ECF No. 128, PageID.452.)

On September 10, 2018, the court reduced Defendant's sentence after an amendment to the U.S. Sentencing Guidelines reduced offense levels for crimes involving crack cocaine. (ECF No. 117.) As a result, and following an agreement between Defendant and the government, the court reduced Defendant's term of imprisonment to 405 months. (*Id.*; ECF No. 128, PageID.448.)

In December 2018, Congress enacted the First Step Act. Defendant subsequently moved to reduce his sentence because penalties for two of the four counts on which he was convicted had been modified; accordingly, the government recommended a reduction of his sentence, and the court reduced Defendant's term of imprisonment to an aggregate of 324 months, or twenty-seven years. (*See* ECF No. 123.)

Defendant's term of imprisonment ended on August 11, 2020, and his five-year term of supervised release began. (ECF No. 126, PageID.439; ECF No. 128, PageID.450.) He is under the supervision of the U.S. Probation Office for the Central District of California, where Defendant resides. (ECF No. 125; ECF No. 128-5, PageID.471.)

Before the court is Defendant's "Motion for Early Termination of Supervised Release." (ECF No. 126.) Defendant informs the court that termination of his supervised release is warranted because he is a co-parent to his paternal grandson, is gainfully employed, is enrolling in an online community college program, and "has surrounded himself with a different (more stable, gainfully employed and non-criminal) support system." (*Id.*, PageID.440.)

The government opposes early termination of Defendant's supervised release. (*See* ECF No. 128.) It argues that Defendant's motion "is devoid of specific information that might be useful in deciding whether early termination of supervised release is warranted," including the failure to address the outstanding balance of his $25,000 fine and any support for the idea that he has successfully transitioned to civilian life after more than twenty years of imprisonment. (*Id.*, PageID.458.)

A district court may, after considering the relevant sentencing factors of 18 U.S.C. § 3353(a), "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). Here, the court has the authority to terminate Defendant's supervised release because one year has expired. Nonetheless, the court finds that Defendant's request for early termination is premature under the circumstances and will deny his motion without prejudice.

"Supervised release fulfills rehabilitative ends, distinct from those served by incarceration." *United States v. Johnson*, 529 U.S. 53, 59 (2000). The purpose is to "assist individuals in their transition to community life." *Id.* In other words, it "is intended to offer a level of support and assistance" as a defendant attempts to re-enter society to live a "productive, law-abiding life." *Detloff v. Terris*, No. 2:17-cv-14175, 2018 WL 5407290, at *3 (E.D. Mich. Oct. 29, 2018) (citing *Johnson*, 529 U.S. at 59).

Defendant has spent a quarter of a century in prison. Even with the support of letters from his fiancée and future in-laws, it is difficult to conclude that he has successfully transitioned to a productive, law-abiding life after a period of only one year and a few months.[1] In this regard, Defendant's probation officer notes that Defendant "could benefit from continued probation supervision at this time," in light of the time he

---

[1] As the government points out, Defendant's motion does not address his obligation to pay the remainder of his $25,000 fine. Given that a condition of his supervised release is that he "pay any fine imposed . . . that remains unpaid at the commencement of the term of supervised release," the court agrees this undermines the notion that Defendant's conduct warrants release or that such would be in the interest of justice.

3

spent in prison and his "violent criminal history." (ECF No. 128-5, PageID.471.) The court agrees. It would be premature to terminate Defendant's supervised release without a better understanding of whether he is able to remain gainfully employed, avoid criminal behavior, and preserve a stable domicile for an extended period of time; supervised release would only further—not impede—these goals.

Moreover, while the record establishes Defendant has made progress in his re-entry to society by obtaining a job and caring for his family, Defendant has not shown why termination of supervised release would be in "the interest of justice." 18 U.S.C. § 3583(e)(1). It does not appear the conditions of his supervised release have any negative impact on his ability to pursue a career or support his family. Indeed, supervised release is designed to assist Defendant in these efforts.

In short, it is too early to tell whether Defendant will be able to maintain his current, productive course of conduct given the number of years he spent incarcerated. As stated by his probation officer, "it is better suited to assess his [early termination] once he has sustained employment and a stable residence for a longer period of time." (ECF No. 128-5, PageID.471.) Accordingly,

IT IS ORDERED that Defendant's "Motion for Early Termination of Supervised Release" (ECF No. 126) is DENIED WITHOUT PREJUDICE.

                                                   s/Robert H. Cleland               /
                                                   ROBERT H. CLELAND
                                                   UNITED STATES DISTRICT JUDGE

Dated: January 5, 2022

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 5, 2022, by electronic and/or ordinary mail.

s/Lisa Wagner                              /
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\96-20046.DEGROAT.MotionForEarlyTerminationSupervisedRelease.MAZ.docx